UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CROOK, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WYNDHAM VACATION OWNERSHIP, INC., et al.,<br><br>  Defendants. | Case No. 13-cv-03669-WHO<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING ON DEFENDANTS' MOTION FOR CLARIFICATION**<br><br>Re: Dkt. No. 47 |

This order concerns defendants' pending motion for clarification. Dkt. No. 47. In their briefing on the motion and at oral argument, the parties focused on whether their arbitration agreement authorizes class arbitration, whether plaintiffs are entitled to a jury trial on the availability of class arbitration, and whether plaintiffs may litigate their class claims in federal court while their individual claims are resolved in arbitration. The parties also touched on whether the availability of class arbitration is a question to be resolved by the arbitrator, or rather is a gateway question of arbitrability presumptively for the court to decide.

The parties did not discuss another issue that appears to be relevant – if not dispositive – to defendants' motion: whether the parties clearly and unmistakably agreed that an arbitrator would decide whether class arbitration is available. I am considering whether and how that issue impacts this case. A number of courts, including courts in this district, have held that where the parties incorporate the AAA Supplementary Rules for Class Arbitrations into their arbitration agreement, they clearly and unmistakably agree to submit the question of the availability of class arbitration to the arbitrator. *See, e.g., Reed v. Florida Metro. Univ., Inc.*, 681 F.3d 630, 635-36 (5th Cir. 2012) *abrogated on other grounds by Oxford Health Plans LLC v. Sutter*, 133 S. Ct. 2064 (2013) ("The parties' consent to the Supplementary Rules . . . constitutes a clear agreement to allow the arbitrator to decide whether the party's agreement provides for class arbitration."); *AccentCare Inc. v. Echevarria*, No. 15-cv-01078-JSW, 2015 WL 3465761, at *2-4 (N.D. Cal. June 1, 2015) (because the parties' arbitration agreements incorporated the AAA rules, "the arbitrator, not the Court, shall determine whether the . . . agreements allow for classwide arbitration") (appeal

pending); *Marriott Ownership Resorts, Inc. v. Flynn*, No. 14-cv-00372, 2014 WL 7076827, at *12-15 (D. Haw. Dec. 11, 2014) ("[I]ncorporation of the Supplementary Rules constitutes clear and unmistakable evidence of an intent to have an arbitrator address the question of class arbitrability."); *Chesapeake Appalachia, LLC v. Burkett*, No. 13-cv-03073, 2014 WL 5312829, at *8 (M.D. Pa. Oct. 17, 2014) ("[I]ncorporation of the AAA rules into the lease at issue, which grants the arbitrators the power to decide their own jurisdiction, vested the arbitrators with the authority in this case to decide issues of arbitrability, including the issue of 'who decides' class arbitrability."); *Price v. NCR Corp.*, 908 F. Supp. 2d 935, 945 (N.D. Ill. 2012) (by incorporating the Supplementary Rules for Class Arbitrations into their agreement, "the parties agreed that an arbitrator, and not this Court, would determine whether the agreement authorizes class arbitration"); *Yahoo! Inc. v. Iversen*, 836 F. Supp. 2d 1007, 1012 (N.D. Cal. 2011) ("[T]he incorporation by reference of the AAA Supplementary Rules as they existed at the time [the parties] entered into their contract constitutes a clear and unmistakable agreement to have the arbitrator decide questions regarding the arbitrability of class-wide claims.") (internal quotation marks and alterations omitted); *but see Chesapeake Appalachia, LLC v. Suppa*, No 14-cv-00159, 2015 WL 966326, at *10 (N.D.W. Va. Mar. 4, 2015) ("[T]he Court is unpersuaded that the broad language of the arbitration clause in the subject leases, or even the reference to the AAA rules, clearly and unmistakably evinces the parties' intent to arbitrate the availability of classwide arbitration.").

I am interested in whether the parties agree with the reasoning in these decisions, and whether – and to what effect – that reasoning applies here. To address these questions – and any other factual or legal issues concerning whether the parties agreed to arbitrate the availability of class arbitration *that have not already been briefed* – the parties shall submit supplemental briefs of no more than ten pages, double spaced, on or before June 26, 2015. I will decide the motion for clarification after considering the supplemental briefs. Do not repeat arguments already made.

**IT IS SO ORDERED**.

Dated: June 18, 2015



_____
WILLIAM H. ORRICK
United States District Judge